UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| SHAUN OSCEOLA JOHNSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No.: 3:16-CV-170-TAV-HBG ) |
| AMANDA HINDS, | ) ) |
| Defendant. | ) ) |

## MEMORANDUM AND ORDER

The Court is in receipt of a pro se prisoner's complaint under 42 U.S.C. § 1983 [Doc. 1] pursuant to a transfer from the United States District Court for the Middle District of Tennessee, which granted Plaintiff's motion for leave to proceed *in forma pauperis* and assessed Plaintiff with the filing fee [Doc. 3]. The matter is now before the Court for screening under the Prison Litigation Reform Act ("PLRA"). 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A). For the reasons set forth below, no process shall issue and this action will be **DISMISSED** for failure to state a claim upon which relief may be granted under § 1983.

Under the PLRA, district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial

review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, allegations that give rise to mere possibility that the plaintiff might later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim. *Twombly*, 550 U.S. at 555, 570. Further, formulaic and conclusory recitations of the elements of a claim which are not supported by specific facts are insufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 681.

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998); *O'Brien v. City of Grand Rapids*, 23 F.3d 990, 995 (6th Cir. 1994); *Russo v. City of Cincinnati*, 953 F.2d 1036, 1042 (6th Cir. 1992); *see also Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere").

In his complaint, Plaintiff asserts that Defendant Hinds, the Mental Health Administrator at Morgan County Correctional Complex ("MCCX"), failed to properly train and/or screen the jail staff and officers that work with mentally ill inmates at MCCX [Doc. 1 p. 3–4]. Plaintiff alleges that this lack of training and/or screening has resulted in (1) inadequate crisis intervention; (2) cruel and inhumane punishments/restraints of mentally ill inmates; (3) mentally ill inmates with a custody level is medium, minimum, or protective custody being housed in

2

maximum security units instead of transferred to an appropriate mental health program facility; (4) mentally ill inmates being housed in a manner that puts them at a substantial risk of serious harm; (5) a lack of individualized treatment of mentally ill inmates; (6) mentally ill inmates being denied confidentiality; (7) the mental health program being staffed with homosexual therapists who take sexual advantage of mentally ill inmates; and (8) unjustifiable reliance on non-mental health staff and factors in making medical treatment decisions [Doc. 1 p. 4].

Even liberally construing the complaint in favor of Plaintiff, however, Plaintiff does not set forth any facts from which the Court can plausibly infer that Defendant Hinds deprived Plaintiff of any federal right. Plaintiff does not have standing to assert the constitutional rights of other inmates. *Dodson v. Wilkinson*, 304 Fed. App'x 434, 438 (6th Cir. 2008). Accordingly, action will be **DISMISSED** for failure to state a claim upon which relief may be granted under § 1983 pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A).

The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. See Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

**E N T E R :**

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE